# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                  Case Number: 19-40081-HLT

ANTONIO BROWN,

        Defendant.

## <u>MEMORANDUM AND ORDER</u>

The district judge referred Defendant Antonio Shannon Donovan Brown's Emergency Motion to Reopen Detention Hearing and for Pretrial Release (ECF 84) to the undersigned.  *See* FED. R. CRIM. P. 59(a).  After Brown was initially arrested in this case in August of 2019, the court ordered him detained given the risk of harm that his release would pose to the safety of others and the community.  (ECF 12.)  In October, Brown moved to reopen detention and the court granted his release based on a new release plan that appeared targeted to curb his dangerous behavior.  (ECF 20-25.)  Approximately three months later, the court revoked his bond because he had amassed varied, widespread, and rampant violations.  (ECF 38.)  In August 2020, Brown again moved to reopen detention, which the court denied.  (ECF 72, 78.)  Now, Brown once again seeks release.  (ECF 84.)  This time, he seeks release on the grounds that he tested positive for COVID-19 and is dissatisfied with the care he is receiving at the facility where he is being detained, CoreCivic in Leavenworth, Kansas.   The court sympathizes with anyone suffering from COVID-19, but the court must analyze whether Brown's release is warranted based on the applicable legal standard.   In this case, Brown has not invoked any applicable procedural vehicle. His motion is therefore denied without prejudice to be renewed, if at all, as set forth below.

## I.   <u>BACKGROUND</u>

The indictment charges Brown with four counts: (1) possession with intent to distribute 50 grams or more of methamphetamine, (2) possession with intent to distribute a mixture and substance containing cocaine, (3) possession of a firearm (namely, a Walther 9mm caliber pistol) after having been previously convicted of aggravated robbery, and (4) possession of that firearm in furtherance of the drug trafficking crimes charged in Counts 1 and 2.   (ECF 1.)   These charges arose from an incident in which law enforcement officers responded to a call about shots being fired from a car in Lawrence, Kansas, during the early morning hours of May 10, 2019.   Officers saw co-defendant Bounsouay Khanya exit the driver's side of the vehicle in question, and they saw defendant Brown exit the front-seat passenger's side.   They found three spent 9mm shell casings on the ground at a location that indicated the shots were fired from the passenger side of the vehicle.   Under the front passenger seat, they found the Walther 9mm firearm.   On the front passenger seat, they found a loose 9mm bullet under a wallet containing Brown's identification.   During a pat down of Khanya, they found a large sum of cash and six baggies with cocaine.   They found more cocaine, marijuana, methamphetamine, stacks of money, and drug paraphernalia in backpacks on the front driver's-side floorboard and in the trunk.   They also found another 9mm round and cell phones that belong to Khanya with text messages of him dealing drugs.    (ECF 71.)   Brown and Khanya were arrested and appeared before the court on August 26, 2019.

Khanya waived a detention hearing, but Brown contested detention.   At the end of the detention hearing, the court ordered Brown detained pending trial because the court could not fashion conditions of release that would reasonably assure the safety of others.   The court relied on the nature and circumstances of the offenses charged, which suggested that Brown and

Khanya were dealing drugs and that Brown fired shots from a vehicle in a public setting because all indicia of gun use correlated to the passenger side of the vehicle; that Brown is facing a lengthy period of incarceration that is indicative of the seriousness and dangerousness of his conduct in the alleged offense; that the offense is a crime of violence involving gunshots fired at a nearby vehicle in a public setting; that the offense involves drug distribution activities and a firearm; and that the government appeared to have strong evidence against Brown.   In considering Brown's history and characteristics, the court recognized that he is unemployed; he has a history of drug use as shown by his failure to comply with release conditions relating to drug use and/or testing as required by his Douglas County probation officer(s); he has a significant prior criminal record, including convictions for aggravated robbery and attempted aggravated battery and numerous other arrests; and he has a prior record of failing to comply with conditions of release.   In addition, he was on probation at the time of the current offense.   And, the threat of his continued involvement with drugs and guns if he were released poses a serious risk of danger to the community.   (ECF 12.)

On October 30, 2019, Brown filed a Motion to Reopen Detention Hearing and for Release on Conditions, citing "new information."   (ECF 20.)   Relying primarily on Brown's new release plan to live with his aunt in Lansing, Kansas, the court granted Brown's motion on the condition that (among other things) he reside with his aunt and secure full-time employment. (ECF 25, at 2.)

On January 24, 2020, Pretrial Services filed a petition to revoke Brown's bond.   (ECF 38.)   The alleged violations were widespread.   On January 5, 2020, he was involved in a domestic dispute in Lawrence in which the alleged victim was Konner Durham.   During the incident, Brown and Durham's three small children were in the backyard.   After the incident,

domestic violence charges were filed against Brown, Durham obtained a Protection from Abuse order against him, and Brown continued to stalk, harass, and intimidate Durham.   Brown had also violated his bond by violating his curfew (four times), failing to report for substance abuse treatment and testing (four times), failing to maintain employment as required, and losing his place to live with his aunt because she no longer wanted him living with her.

On February 13, the court revoked Brown's bond.   (ECF 42.)   The court found that no conditions of release would reasonably assure that he would not pose a danger to the safety of others given his pattern of domestic abuse, harassment, intimidation, and stalking of Durham; subjecting others in Durham's vicinity during these incidents to a risk of harm, including their three small children.   The court also found that Brown was unlikely to abide by any conditions the court may impose given his pattern of disregard for his release conditions, which "leads the court to believe that he has not and will not take those conditions of release sufficiently seriously."   (*Id.* at 2.)   The court noted that he was given an opportunity to succeed on pretrial release but chose not to do so.   The court concluded that "[h]is violations are simply too varied, widespread, and rampant to believe that he would succeed with a different release plan."   (*Id.*)

In August 2020, Brown again moved the court to reopen detention.   The court denied the motion for essentially two reasons.   First, the court relied on the same reasons that it initially detained Brown in August 2019—namely, including the violent nature of the offenses charged, which involve drug dealing and guns, for which Brown is facing a lengthy period of incarceration (10-45 years); Brown's prior failures to comply with the terms of his Douglas County probation related to drug use and/or testing; his significant prior criminal record for aggravated robbery and attempted aggravated battery and numerous other arrests; and, thus, the threat of his continued involvement with drugs and guns if he were released poses a serious risk

of danger to the community.   Second, the court relied on Brown's string of violations when the court released him on bond from October 2019 to January 2020.   He was given an opportunity to succeed on pretrial release and chose not to do so, and therefore he would likely continue to disregard court-ordered release conditions if he were released.   Therefore, Brown had not shown that the court could impose conditions that would reasonably assure that he would not pose a risk of harm to others if he were released.   (ECF 78.)

Brown's current motion now once again asks the court to reopen detention and, after an emergency evidentiary hearing, order his release on conditions while his case is pending.   (ECF 84.)   Brown reports that he tested positive for COVID-19 while detained at CoreCivic, that he has asthma and is at risk for serious complications from COVID-19, that he is experiencing respiratory symptoms and low oxygen levels, and that CoreCivic is apparently short-staffed and delays in medical care should be expected.   Brown proposes that he live with his father while quarantining and recuperating from COVID-19, after which he intends to find work.

## II.    LEGAL ANALYSIS

Brown invokes 18 U.S.C. § 3142(f) as grounds for relief.   Under that statute, the court may reopen detention

> at any time before trial if the judicial officer finds that [1] information exists that was not known to the movant at the time of the hearing and [2] that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person in the community.

Here, Brown's COVID-19 concerns satisfy the first prong in that they constitute new information that was not known to him at the time of the prior detention hearings.   But § 3142(f) requires more than simply new information.   It also requires that the new information must satisfy

5

the statute's second prong—namely, that Brown's COVID-19 concerns must have a "material bearing" on whether conditions of release "will reasonably assure the appearance of such person as required and the safety of any other person and the community."   § 3142(f).

"A defendant's concerns that he or she is facing heightened COVID-19 risks while incarcerated typically do not factor into a § 3142(f) analysis because the risk of harm *to the defendant* does not usually bear on whether the court can fashion conditions of release that will reasonably assure that the defendant is not a risk of nonappearance or a risk of harm to any others or the community."   *United States v. Calvert*, No. 19-40068-03-HLT, 2020 WL 1847754, at *2 (D. Kan. Apr. 13, 2020) (emphasis in original) (citing *United States v. Clark*, 448 F. Supp. 3d 1152, 1156 (D. Kan. 2020)); *accord United States v. Del Real*, No. 19-10131-JWB, 2020 WL 1974374, at *1 (D. Kan. Apr. 24, 2020).   Furthermore, the governing legal standard is not the harm that his incarceration would cause (however substantial) because the court must evaluate "the danger" that would be "posed by the person's release."   *See Calvert*, 2020 WL 1847754, at *2 (quoting § 3142(g)(4)).   In other words, the court must evaluate the risk of harm *to others* (not to the defendant) if the defendant *were released* (not detained).   Brown's arguments are inapposite because they are focused solely on the risk of harm to Brown if he remains in custody, which is the opposite of the applicable legal standard.   The court considers the defendant's physical and mental condition, 18 U.S.C. § 3142(g)(3)(A), only insofar as it bears on the defendant's risk of nonappearance or risk of harm to others if he were released.   *See Clark*, 448 F. Supp. 3d at 1156; *Calvert*, 2020 WL 1847754, at *2.   In this case, Brown does not articulate any way in which his COVID-19 developments change the court's prior findings about his risk of danger to others if he were released.   Accordingly, the court denies his motion to reopen detention under § 3142(f).

However, the court will deny the motion without prejudice and allow Brown to file a renewed motion, if he wishes to do so, seeking relief under 18 U.S.C. § 3142(i).   *See Clark*, 448 F. Supp. 3d at 1156 (recognizing the defendant "properly [sought] relief based on COVID-19 concerns under" § 3142(i)).   That statute authorizes the court to permit temporary release if the court determines that it is "necessary . . . *for another compelling reason*."   § 3142(i) (emphasis added).   A defendant is not entitled to temporary release under § 3142(i) based on generalized pandemic-related fears or speculation; rather, "the court must make an individualized determination as to whether COVID-19 concerns present such a compelling reason in a particular case that temporary release is necessary."   *Clark*, 448 F. Supp. 3d at 1156-57.   This court once again reminds litigants who wish to seek pretrial release based on COVID-19 concerns that the undersigned expects them to address at least the following factors:

> (1) the original grounds for the defendant's pretrial detention, (2) the specificity of the defendant's stated COVID-19 concerns, (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant, and (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others.

*Id.* at 1157.   The defendant bears the burden of establishing circumstances warranting temporary release under § 3142(i).   *Id.* at 1155 (citing *United States v. Buswell*, No. 11-CR-198-01, 2013 WL 210899, at *5 (W.D. La. Jan. 18, 2013)).

In this case, Brown has not met this burden because his arguments bear only on the second *Clark* factor by articulating his COVID-19 concerns with some degree of specificity.   His arguments do not address the first factor by acknowledging that the court ordered him detained pending trial because of the risk of harm that his release—*e.g.*, his drug dealing, involvement with guns, violent criminal history, pattern of domestic abuse, etc.—would pose to others.   He also

does not address the third or fourth factors regarding the extent to which his proposed release plan is tailored to mitigate or exacerbate his COVID-19 risks or the likelihood that his proposed release would increase COVID-19 risks to others.

If Brown files a renewed motion, it must invoke § 3142(i) and address each of the *Clark* factors.   The renewed motion may not exceed 15 pages.   The government must file a response, if any, within **two days** from the date Brown files the renewed motion; the response may not exceed 15 pages.   Brown may file a reply brief within **one day**, not to exceed 2 pages.   All attachments and exhibits must be filed with the parties' principal briefs and not the reply brief. The court will intend to rule on the parties' briefs without a hearing unless the court orders otherwise.

Lastly, the court also denies Brown's request for an evidentiary hearing because he has not identified what evidence he intends to proffer that would bear on a proper legal analysis.

**IT IS THEREFORE ORDERED** that Brown's Emergency Motion to Reopen Detention Hearing and for Pretrial Release (ECF 84) is denied without prejudice to be renewed as set forth above.

**IT IS SO ORDERED**.

Dated December 1, 2020, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge

8